| | |
|---|---|
| TYLER WARD ENIX,<br><br>    Petitioner,<br><br>v.<br><br>BRETT COBBLE,<br><br>    Respondent. | Case No. 3:24-cv-146<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Debra C. Poplin |

# MEMORANDUM OPINION

After Petitioner stabbed his ex-wife ("the victim") forty-seven times and camera footage showed Petitioner using the victim's debit card to withdraw money while driving her car, a jury convicted Petitioner of especially aggravated robbery and first-degree murder. *State v. Enix*, 653 F.3d 692, 694–96 (Tenn. 2022). Petitioner, a state prisoner, filed a pro se petition seeking habeas corpus relief under 28 U.S.C. § 2254 from these convictions (Doc. 2, at 1). Now before the Court is Respondent's motion to dismiss the petition as time-barred, among other things (Doc. 12), in support of which he filed the state court record (Docs. 10, 11) and a memorandum (Doc. 13). Petitioner did not file a response to this motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). Thus, Petitioner waived any opposition to this motion. E.D. Tenn. LR 7.2. For the reasons set forth below, the § 2254 petition is untimely. As such, Respondent's motion (Doc. 12) will be **GRANTED**, and this action will be **DISMISSED**.

I.     STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for an application for a federal

writ of habeas corpus.  The statute provides in relevant part that this statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review . . . ."  28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

After Petitioner filed a direct appeal of his convictions, the Tennessee Court of Criminal Appeals ("TCCA") upheld them (Doc. 10-4), and on September 13, 2022, the Tennessee Supreme Court ("TSC") affirmed the TCCA's judgment upholding the convictions (Docs. 10-5, 10-6).

On May 22, 2023, Petitioner filed a pro se petition for post-conviction relief regarding these convictions in the state court (Doc. 10-7, at 1–10, 15–16).  On June 7, 2023, the post-conviction court found Petitioner's grounds for post-conviction relief either "waived or previously determined" and therefore dismissed the petition (Doc. 10-7, at 20).

Petitioner then filed a document with the TCCA (Doc. 8) that the TCCA construed as an improper attempt to directly file a new post-conviction petition with the TCCA and/or an untimely notice of appeal of the dismissal of his initial post-conviction petition (Doc. 10-9, at 1).  The TCCA therefore issued an order requiring Petitioner to show cause to why it should not dismiss the filing (*Id.*), and Petitioner filed a response (Doc. 10-10).  Ultimately, the TCCA dismissed Petitioner's filing as an improper attempt to directly file a post-conviction petition with the TCCA and/or an untimely notice of appeal (Doc. 10-11).

On February 20, 2024, Petitioner filed the instant petition for relief under § 2254 (Doc. 1, at 15).

2

Case 3:24-cv-00146-TRM-DCP   Document 15   Filed 08/21/24   Page 2 of 6   PageID #: 192

### III. ANALYSIS

The record demonstrates that Petitioner's § 2254 petition is untimely. As set forth above, on September 13, 2022, the TSC affirmed the TCCA's judgment upholding Petitioner's convictions in his direct appeal (Docs. 10-5, 10-6). Thus, Petitioner's federal habeas corpus clock began to run ninety days later, specifically on December 13, 2022, when his time to file a petition for a writ of certiorari with the United States Supreme Court regarding this decision expired. *Clay v. United States*, 537 U.S. 522, 524 (2003) (holding that, if no petition for certiorari is filed, the judgment becomes final upon expiration of the ninety-day period for seeking certiorari review in the Supreme Court).

The clock then ran for one-hundred and fifty-nine days and paused on May 22, 2023, when Petitioner filed his post-conviction petition (Doc. 10-7, at 1–10, 15–16). 28 U.S.C. § 2244(d)(2) (providing that "(t)he time during which a properly filed application for State post-conviction or other collateral relief" does not count towards calculation of the AEDPA statute of limitations). When the clock paused on May 22, 2023, Petitioner had two-hundred and six days left to file his federal habeas corpus petition.

The limitations period remained paused from May 22, 2023, until Monday, July 10, 2023, the day on which Petitioner's time to file appeal with the TCCA regarding the post-conviction court's dismissal of his petition expired.[1] It then expired two-hundred and six days later, on

---

[1] As set forth above, after the post-conviction court dismissed his petition, Petitioner filed a document with the TCCA that the TCCA construed as an untimely notice of appeal and/or an improper new post-conviction petition filed for the first time with the TCCA (Docs. 10-8–10-11). But as the record establishes that this document was untimely and/or improperly filed under Tennessee law, it has no effect on the Court's calculation of the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that an untimely state court post-conviction petition is not "properly filed" in order to warrant statutory tolling); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that the filing of a petition must comply with applicable laws and rules in order to be properly filed); *Griffin v. Lindamood*, No. 2:16-cv-188, 2017 WL 3974463, at *10 (E.D.

3

February 1, 2024, without Petitioner seeking other state court collateral review or filing a federal habeas corpus petition. Accordingly, Petitioner's petition for habeas corpus relief under § 2254, which he filed on February 20, 2024 (Doc. 1, at 15), is untimely.

Nevertheless, the AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted when a petitioner shows that he diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing his petition. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace*, 544 U.S. at 418, and federal courts grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

In his petition, Petitioner states as follows regarding equitable tolling:

> It has been twenty plus years since (I) attended college. Also I do not know what timelines go with each process. The Legal Clerks here at Bledsoe are not good and do not know the law, as (I) do not.

(Doc. 1, at 13). However, Petitioner's assertion that he did not know the applicable statute of limitations for his § 2254 petition does not entitle him to equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (holding that "ignorance of the law alone is not sufficient to warrant equitable tolling"). And while Petitioner also asserts that the legal clerks where he is confined "are not good and do not know the law," he makes no assertion that he diligently

---

TN Sept. 6, 2017) (holding that the courts look to how a state court treated a petition to determine whether it was properly filed).

attempted to determine how to file a timely § 2254 petition but was unable to do so due to extraordinary circumstances.

Accordingly, the Court will grant Respondent's motion to dismiss the petition as time-barred (Doc. 12).

**IV.     CERTIFICATE OF APPEALABILITY**

The Court now must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a district court should issue a COA only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

**V.      CONCLUSION**

For the reasons set forth above:

1. Respondent's motion to dismiss the petition as time-barred (*Id.*) will be **GRANTED**;

2. A COA will not issue;

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. Fed. R. App. P. 24(a); and

4. This action will be **DISMISSED**.

   **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**